**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPE FITTING INDUSTRY OF THE UNITED STATES AND CANADA, AFL-CIO, <br><br> *Petitioner,* <br><br> v. <br><br> MID-SOUTH INDUSTRIAL, INC., <br><br> *Respondent.* | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:24-cv-01962-AJT-LRV <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER**

This matter is before the Court on Petitioner United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, AFL-CIO's ("Petitioner") Motion for Partial Default Judgment. [Doc. No. 23] (the "Motion"). The parties' dispute stems from Respondent's failure to use the hiring procedure and pay the applicable wage rates and fringe benefits in the applicable local collective bargaining agreement with regard to twenty of its workers on the Ford Blue Oval SK Battery Plant Project located in Stanton, Tennessee (the "Project"). [Mot.] at 5. Petitioner brought the action on November 1, 2024, seeking to enforce an arbitration decision in its favor by a Grievance Review Subcommittee convened by the National Maintenance Agreements Policy Committee, Inc. ("NMAPC") ("the Subcommittee Decision"), which was entered April 5, 2024. [Doc. No. 1]. Petitioner seeks partial default judgment, focused on relief for two of Respondent's employees on the project, Robert Reyna and Samuel Eddings, for which it has obtained information concerning their employment that bears on the amount of damages owed. [Mot.] at 24–27.

1

On February 18, 2026, Magistrate Judge Vaala issued a Report and Recommendations regarding the Motion. [Doc. No. 33] (the "R&R"). The Magistrate Judge recommended that the Court: (1) grant the Motion, (2) order Defendant to comply with Subcommittee Decision with respect to Reyna and Eddings, (3) find Respondent liable for all amounts owed under the NMA and local collective bargaining agreements referenced in the R&R, (4) find that, with respect to Reyna and Eddings, Respondent is liable to Petitioner in the amount of $38,452.00 in unpaid wages and fringe benefits owed for those two employees, (5) find that, to date, Respondent is liable to the Petitioner in the amount of $47,690.25 for attorneys' fees, and in the amount of $1,751.00 for costs, (6) order that there has been no final judgment in this action because there has been no final damages determination, (7) order that the case be placed on the inactive docket, and (8) order Petitioner to submit a status report every forty-five (45) days regarding its progress with respect to determining whether back wages and fringe benefits are due to the eighteen remaining employees and, if so, in what amount. *Id.* at 22. No objection was filed to the R&R.

The Court has conducted a *de novo* review of the evidence in this case, and it adopts and incorporates the findings and recommendations of the Magistrate Judge. Accordingly, it is hereby

**ORDERED** that the Motion [Doc. No. 23] be, and the same hereby is, **GRANTED**; and Respondent is directed to comply with the Subcommittee Decision with respect to Mr. Reyna and Mr. Eddings, including payment of $38,452.00 in damages for these employees plus $47,690.25 in attorneys' fees; and it is further

**ORDERED** that Petitioner shall submit a status report every forty-five (45) days regarding its progress with respect to determining whether back wages and fringe benefits are due to the eighteen remaining employees on the Project and, if so, in what amount.

2

The Clerk is directed to forward copies of this Order to all counsel of record, and to place this case on the inactive docket.

Alexandria, Virginia
March 27, 2026

_____
Anthony J. Trenga
United States District Judge

3